United States District Court
Middle District of Florida
Orlando Division

**KATHY HEYL,**

    *Plaintiff,*

v.                                                                                          NO. 6:20-cv-2096-UAM

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Kathy Heyl's lawyer, Bradley Boyd, requests as an attorney's fee $1,102.26 from Joe Heyl's past-due benefits.[1] Doc. 40 (original motion); Doc. 47 (amended motion).

## Background

Joe applied for benefits. Tr. 433–50. After an Administrative Law Judge (ALJ) found him not disabled, Tr. 225–45, the Appeals Council remanded the case to the ALJ, Tr. 254–57. The ALJ again found him not disabled, Tr. 13–34, and the Appeals Council denied his request for review, Tr. 1–4. Kathy and Boyd entered into a contingent-fee agreement under which Kathy agreed to pay Boyd 25 percent of any past-due benefits for his representation of Kathy, on behalf of Joe, before the court *and* the agency. Doc. 40-3.

Boyd filed a complaint, Doc. 1, and the Commissioner filed a 1,437-page administrative record, Doc. 19. The parties filed a 43-page joint memorandum.

---

[1] Kathy Heyl was substituted as the sole surviving heir for the original plaintiff, Joe Heyl. *See* Docs. 16, 21. For clarity, the Court uses the Heyls's first names.

Doc. 29; *see* Doc. 20 (scheduling order). The Court reversed and remanded for further agency proceedings. Doc. 34. The Court later granted in part Kathy's EAJA request and awarded $5,011.49 as an attorney's fee based on 23.47 hours of work. Doc. 37.

On remand, the agency awarded Kathy, on Joe's behalf, past-due benefits of $53,255.00 and withheld $13,313.75 (25 percent of the past-due benefits) for an attorney's fee under 42 U.S.C. § 406(b). Doc. 40-2 at 2–3. The agency issued a notice of award on April 2, 2024. Doc. 40-2 at 1. The agency authorized Boyd to charge $7,200.00 as an attorney's fee under 42 U.S.C. § 406(a). Doc. 40-1. The current requests followed.[2] Doc. 40 (original motion), Doc. 47 (amended motion). The Commissioner takes no position on the requests. Doc. 49.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A).

---

[2]The notice of award is dated April 2, 2024. Doc. 40-2. "No later than fourteen days after receipt of a 'close-out' letter, a lawyer requesting an attorney's fee, payable from withheld benefits, must move for the fee and include in the motion: (1) the agency letter specifying the withheld benefits, (2) any contingency fee agreement, and (3) proof that the proposed fee is reasonable." Local Rule 7.01(e). On Kathy's motion, the Court extended the deadline to request a § 406(b) fee to thirty days after the determination and approval of any § 406(a) fee. Doc. 39. The authorization to charge and collect fee is dated November 27, 2024. Doc. 40-1. Boyd filed the fee request on December 19, 2024. Doc. 40. The request is timely.

"[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). The refund prevents an attorney from receiving double recovery under both statutes. *Id.* at 1272.

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible

3

for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

Boyd initially requested a fee of $6,113.75 by deducting the $5,011.49 EAJA award from 25 percent of past-due benefits ($13,313.75 - $5,011.49 = $8,302.26) and then reducing the amount to $6,113.75 so that the combined § 406(a) and § 406(b) amounts did not exceed 25 percent of past-due benefits ($13,313.75 - $7,200.00 = $6,113.75). Doc. 40 at 3.

The Court directed Boyd to "provide supplemental briefing with legal authority supporting how he calculate[d] the fee request in light of the agreement and the law that a lawyer may not 'double dip' under § 406(b) and the EAJA" or, alternatively, "submit an amended motion calculating the request by deducting the § 406(a) award from 25 percent of past-due benefits ($13,313.75 - $7,200.00 = $6,113.75) and then deducting the EAJA fee from that amount ($6,113.75 - $5,011.49 = $1,102.26)." Doc. 42 at 2. Boyd opted for the latter and now requests a fee of $1,102.26. Doc. 47.

To establish the requested fee is reasonable for the services rendered, Boyd provides the following information. He has "represented claimants before the Social Security Administration since 1993" and devotes approximately 96

4

percent of his practice to this field of law. Doc. 47 at 3. Joe's case was complex because Joe was a younger individual who suffered from severe panic disorder, anxiety, depression, bursitis, and seizures. Doc. 47 at 2. Boyd caused no unreasonable delays. Doc. 47 at 5. Through Boyd's efforts, Joe won a reversal of the Commissioner's unfavorable decision, and Joe and his family were awarded $53,255.00 in past-due benefits. Doc. 47 at 5. He faced a substantial risk of loss, and the requested fee reflects the contingent nature of recovery. Doc. 47 at 8–9.

For the reasons Boyd provides, the requested fee is reasonable. Because Boyd asks to deduct the amount of the EAJA award from his § 406(b) fee request, no amount must be refunded to Kathy.

## Conclusion

The Court:

1. **denies as moot** the original request, Doc. 40;

2. **grants** the amended request, Doc. 47; and

3. **authorizes** Boyd to charge Kathy **$1,102.26** from past-due benefits for the successful representation of Kathy, on behalf of Joe.

**Ordered** in Jacksonville, Florida, on March 3, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5